```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


JOSE ANTONIO VERASTEGUI,         §
TDCJ-CID NO. 1380244,            §
                                 §
              Petitioner,        §
                                 §
v.                               §   CIVIL ACTION NO. H-08-0799
                                 §
NATHANIEL QUARTERMAN, Director,  §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
              Respondent.        §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner Jose Antonio Verastegui's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10). For the reasons stated below, respondent's motion will be granted, and Verastegui's petition will be denied.

### I.  Factual and Procedural Background

Verastegui pleaded guilty to aggravated sexual assault and was sentenced to twenty years' imprisonment.[1] Prior to entering his guilty plea, Verastegui signed plea papers acknowledging that he was charged with the offense of aggravated sexual assault, which is

---

[1] Ex parte Verastegui, WR-68,872-01, Judgment and Sentence, p. 108.

a first-degree felony with a punishment range of five to ninety-nine years' imprisonment.[2] At the plea hearing Verastegui stated that he was pleading guilty of his own free will, that no one had told him that he would receive probation for pleading guilty, and that he was satisfied with his counsel's representation.[3] Verastegui further acknowledged that he understood that the trial court judge would determine his sentence and that probation was not an option.[4] Based on these sworn acknowledgments, the trial court accepted Verastegui's guilty plea.[5]

At sentencing Verastegui again affirmed that he was, in fact, guilty of the assault and that he had pleaded guilty because he was guilty and not because his trial counsel had asked him to plead guilty.[6] Verastegui acknowledged that he lied to the presentence investigator when he denied having had sex with the victim and admitted that he penetrated the victim's sexual organ.[7] He also stated that he was remorseful for having committed the offense.[8]

---

[2]Id., Admonishments, p. 96.

[3]Reporter's Record, Docket Entry No. 9, Motion for Disposition of Bond Date, pp. 4-7.

[4]Id. at 7-8.

[5]Ex parte Verastegui, WR-68,872-01, Judgment and Sentence, p. 108.

[6]Reporter's Record, Docket Entry No. 9, Sentencing Proceedings, p. 14.

[7]Id. at 20-21.

[8]Id. at 13-14, 20-21.

Verastegui's wife also indicated that he was guilty when she agreed that he had shown and expressed remorse "for what he ha[d] done."[9]

Verastegui also described how he committed the offense in vivid detail. After becoming intoxicated, he asked the victim for a ride then directed her to turn down a dead-end road in Baytown, Texas.[10] He subsequently raped the victim while his cousin, Jose Meza, Jr., restrained her.[11] When a car passed by, he and Meza unsuccessfully attempted to flee the scene.[12] After the police arrived at the scene and apprehended Verastegui and his cousin, the victim approached Verastegui, slapped his face, and said "that's the man who raped me."[13]

Verastegui did not appeal his conviction.[14] He did, however, file an application for a writ of habeas corpus in state court asserting that he was denied the effective assistance of counsel when he entered his guilty plea and during his sentencing proceedings.[15] Verastegui asserted that his trial counsel was

---

[9]Id. at 9.

[10]Id. at 15.

[11]Id. at 16.

[12]Id. at 15-17.

[13]Id. at 17.

[14]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[15]Ex parte Verastegui, WR-68,872-01, Application for a Writ of Habeas Corpus, p. 7.

ineffective because counsel advised him that if he pleaded guilty he would not go to prison.[16]  In support of his assertion, Verastegui presented affidavits from himself, his wife, his father, his mother, and his sister, all of whom asserted that counsel assured them on numerous occasions that Verastegui would be sentenced to probation upon pleading guilty.  Verastegui's affidavit also denied his guilt.[17]

The state habeas court, presided over by the same judge who accepted Verastegui's guilty plea and sentenced him, entered findings of fact and conclusions of law and recommended that relief be denied.[18]  In reaching its recommendation the state court relied on the affidavit filed by Verastegui's trial counsel.[19]  In his affidavit counsel stated that Verastegui admitted his guilt to him "several times and at different times."[20]  Counsel stated that he advised Verastegui of the full range of punishment available to the

---

[16] Id.

[17] Id. Affidavit of Jose Verastegui, Jr., pp. 50-51; Jose Verastegui, Sr. Aff., p. 52; Margaret Jimenez Aff., pp. 53-54; Gisela Verastegui Aff., pp. 55-56; Manuela Verastegui Aff., p. 57. For example, Verastegui and his wife recall meeting with counsel at a restaurant in Baytown, Texas, where counsel unequivocally stated that Verastegui would receive probation. Id., Affidavit of Jose Verastegui, Jr., p. 51; id., Affidavit of Gisela Verastegui, p. 55.

[18] Id., Respondent's Proposed Findings of Fact, Conclusions of Law and Order, pp. 88-91.

[19] Id. at 88.

[20] Id., Rivera Aff., pp. 72-73.

-4-

court in his case and that he never represented to Verastegui or any member of his family that Verastegui would be sentenced to probation instead of prison.[21] In support of his affidavit counsel presented several statements signed by Verastegui in the presence of witnesses, including his wife, Gisela Verastegui, at various times before he pleaded guilty. In these statements Verastegui admitted his guilt.[22] He also acknowledged that he was satisfied with counsel's representation; that he was knowingly and voluntarily pleading guilty;[23] that he was not pleading guilty at the insistence or suggestion of counsel;[24] that his counsel did not make any predictions, promises, or guarantees with respect to the outcome of his case;[25] and that counsel did not promise him or any member of his family that he would be sentenced to probation.[26] Moreover, counsel stated that Verastegui elected to plead guilty because he believed that the state trial court would be more lenient during sentencing.[27] The Texas Court of Criminal Appeals adopted the habeas court's findings and denied relief on

---

[21] Id.

[22] Id., Affidavit of Roberto Rivera, Exhibit A, p. 75.

[23] Id., Rivera Aff., Exhibit E, p. 80.

[24] Id., Rivera Aff., Exhibit D, p. 78.

[25] Id., Rivera Aff., Exhibit C, p. 77.

[26] Id., Rivera Aff., Exhibit B, p. 76.

[27] Id. at 72.

Verastegui's application without written order on December 12, 2007.[28]

Verastegui's federal habeas corpus petition raises the same ineffective-assistance-of-counsel claim that he raised in his state application.[29] Respondent moved for summary judgment arguing that Verastegui was not denied the effective assistance of counsel because his trial counsel never advised him to plead guilty to avoid prison; and Verastegui understood the nature of the charges against him, the range of punishment that he faced, and that his plea was not premised on receiving probation.[30] Verastegui filed a response to respondent's motion reasserting the claim in his petition.[31]

## II.  Standards of Review

Respondent argues that he is entitled to summary judgment because Verastegui's claim is without merit under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Verastegui filed his habeas petition after April 24, 1996, the AEDPA applies. Lindh v. Murphy, 117 S. Ct. 2059 (1997).

---

[28]Ex parte Verastegui, WR-68,872-01, at cover.

[29]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[30]Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 10, pp. 7-8.

[31]Petitioner's Objection to Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, p. 2.

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus cases, see Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, see Rule 11 of Rules Governing § 2254 Cases.  Under Rule 56 summary judgment is appropriate only if the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In habeas cases the court cannot construe all facts in the light most favorable to the nonmoving party.  See Woods v. Cockrell, 307 F.3d 353, 356-57 (5th Cir. 2002).  Instead, the AEDPA requires the court to presume that all facts found by the state court are true absent clear and convincing evidence to the contrary.  Id. (citations omitted); 28 U.S.C. § 2254(e)(1).

The petitioner has the burden of establishing that he is entitled to relief under the AEDPA.  Orman v. Cain, 228 F.3d 616, 619 (5th Cir. 2000).  A court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). To determine whether the petitioner has made this showing the court must first examine his underlying claims. See Del Toro v. Quarterman, 498 F.3d 486, 490-491 (5th Cir. 2007) (affirming denial of a petitioner's habeas petition because he could not establish his claim on the merits); Neal v. Puckett, 286 F.3d 230 (5th Cir. 2002) (evaluating the merits of a petitioner's claim before concluding that although incorrect, the state court's decision was not an unreasonable application of federal law).

### III. Analysis

Verastegui alleges that he was denied effective assistance of trial counsel when he entered his guilty plea and during his sentencing proceedings.[32] A petitioner asserting an ineffective-assistance-of-counsel claim must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). Under the first prong the petitioner must demonstrate by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. Id. Within the context of a guilty plea to prove prejudice the petitioner must show that "but for counsel's errors, he would not have pleaded

---

[32]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985). For the petitioner's ineffective assistance of counsel claim to succeed the petitioner must make both showings. Strickland, 104 S. Ct. at 2064.

With regard to the first prong of the Strickland test, Verastegui attributes his trial counsel's deficient performance to erroneous advice regarding his sentence. Specifically, Verastegui asserts that counsel erroneously advised him that if he pleaded guilty, he would receive probation regardless of any documents he signed or any warnings he received.[33] He supports this claim with affidavits from himself and several family members.[34]

In reviewing Verastegui's application for a writ of habeas corpus, the state habeas court was presented with conflicting affidavits from Verastegui's trial counsel and Verastegui and his family members. In evaluating an ineffective-assistance-of-counsel claim a state habeas court may make credibility determinations based on affidavits submitted by a petitioner and his counsel. Carter v. Collins, 918 F.2d 1198, 1202 (5th Cir. 1990). These credibility determinations are entitled to a presumption of correctness in federal habeas proceedings. See id. Moreover, courts are especially deferential to a state habeas court's

---

[33] Id.

[34] Ex parte Verastegui, WR-68,872-01, Affidavit of Jose Verastegui, Jr., pp. 50-51; Jose Verastegui, Sr. Aff., p. 52; Margaret Jimenez Aff., pp. 53-54; Gisela Verastegui Aff., pp. 55-56; Manuela Verastegui Aff., p. 57.

credibility findings when the judge hearing the state habeas claim was also the trial judge. See Buxton v. Lynaugh, 879 F.2d 140, 146 (5th Cir. 1989). Here, the state habeas judge was the same judge that presided over Verastegui's plea hearing and sentencing, and decided that counsel's version of the facts was credible. Verastegui has not shown that this finding was unreasonable. See 28 U.S.C. § 2254(d)(2).

Moreover, having reviewed the record, the court is confident that such a showing could not be made. Counsel's statements in his affidavit are fully supported by Verastegui's own admissions made in signed plea papers and in open court. Prior to entering his guilty plea Verastegui acknowledged that he was guilty and fully aware of the full range of punishment for the offense that he committed;[35] that no one had told him that he would receive probation if he pleaded guilty[36] and that he was pleading guilty of his own volition.[37] Although Verastegui argues that he signed plea papers and acknowledged his guilt in open court only because counsel advised him that he would receive probation,[38] his testimony at the plea colloquy is entitled to greater weight than his

---

[35]Id., Admonishments, p. 96; Reporter's Record, Docket Entry No. 9, Motion for Disposition of Bond Date, pp. 4, 6, 8.

[36]Reporter's Record, Docket Entry No. 9, Motion for Disposition of Bond Date, p. 7.

[37]Reporter's Record, Docket Entry No. 9, Motion for Disposition of Bond Date, p. 5.

[38]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

"unsupported, after-the-fact, self-serving revisions." United States v. Cothran, 302 F.3d 279, 284 (5th Cir. 2002). Based on these facts, the state habeas court could reasonably have determined that counsel's affidavit was more credible. See 28 U.S.C. § 2254(d)(2).

Moreover, even if Verastegui's affidavits had rebutted the state habeas court's factual determination that counsel did not erroneously advise Verastegui, Verastegui's ineffective-assistance-of-counsel claim would fail under the prejudice prong of Strickland. Whether a petitioner would have gone to trial instead of pleading guilty largely depends on what the outcome of the trial might have been. Del Toro, 498 F.3d at 490. That assessment depends on the evidence that likely would have been produced at trial. See Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994). When a petitioner could have received a much greater sentence had he been convicted at trial, it is unlikely that absent any errors by his counsel he would have proceeded to trial. See Payne v. United States, 99 F.3d 1273, 1282 (5th Cir. 1996).

Considering the evidence against Verastegui and the punishment range of the offense with which he was charged, the court is not persuaded that he would have gone to trial instead of pleading guilty. The record shows that the prosecution had a substantial amount of evidence against him. At sentencing Verastegui admitted that after an unsuccessful attempt to flee the scene, the victim identified him to police and described how he forcefully raped

her.[39]  Presumably, the officers on the scene and the victim would have been available to testify against Verastegui had he gone to trial.  Moreover, had Verastegui gone to trial he faced a sentence of up to ninety-nine years' imprisonment; the "written admonishments" he signed prior to pleading guilty indicate that he was aware of this potential punishment.[40]  In fact, according to his trial counsel, the reason Verastegui elected to plead guilty was because he believed that the court would be more lenient with his sentence.[41]  Verastegui has also failed to prove he was prejudiced by his trial counsel's alleged deficient performance.[42]

## IV.  Conclusion and Order

Based on the foregoing analysis Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**, and Verastegui's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 20th day of June, 2008.

                                          _____
                                                      SIM LAKE
                                          UNITED STATES DISTRICT JUDGE

---

[39] Reporter's Record, Sentencing Proceedings, pp. 15-17.

[40] Ex parte Verastegui, WR-68,872-01, Admonishments, p. 96.

[41] Id., Affidavit of Roberto Rivera, p. 72.

[42] To the extent Verastegui alleges a separate claim that his plea was involuntary, that claim is rejected.  The court has already concluded that the state court's factual findings (that Verastegui's trial counsel made no misrepresentations regarding the outcome of his guilty plea, and that Verastegui knowingly and voluntarily pleaded guilty) are entitled to a presumption of correctness, any such claim must fail.